**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-001409-GPG

**RYAN E. APPLEGATE**,

    Plaintiff,

v.

**SGT. J. SWARTZ**;
**DEPUTY MONTANIO**;
**DEPUTY HAMMOCK**;
**FEROE**, Deputy; and
**JEFFERSON COUNTY SHERIFF**,

    Defendants.

---

**ORDER DISMISSING CASE**

---

On June 30, 2015, Plaintiff filed a prisoner Complaint (ECF No. 1) and an Application to Proceed Without Payment (ECF No. 2). Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely on the basis of inability to prepay fees or give security therefor (ECF No. 7). Plaintiff filed an Amended Complaint on July 31, 2015 (ECF No. 8). On August 5, 2015, this Court ordered Mr. Applegate to Show Cause why the Amended Complaint should not be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 (ECF No. 9). That six-page Order specifically informed Plaintiff of the deficiencies of his claims. On August 13, 2015, Plaintiff filed a Response to the Show Cause Order (ECF No. 10).

**A. Mandatory Screening and Standards of Review**

In 1996, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis*

(IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Creamer v. Kelly*, 599 F. App'x 336 (10th Cir. 2015) ("Under §§ 1915(e)(2)(B)(i) and (ii), a court must screen a complaint filed IFP and dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted.") (internal quotation and citation mitted).

In addition, 28 U.S.C. § 1915A, entitled "Screening," requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Further, the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e requires the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action

(ECF No. 7). Moreover, Defendants are employees of a governmental entity. In addition, he is complaining about the conditions of his confinement. Thus, his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under these statutory provisions, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp.*, 550 U.S. at 555. When reviewing a complaint for failure to state a claim, the Court may also consider documents attached to the complaint as exhibits. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal citation omitted). Moreover, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall,* 935 F.2d at 1110). Despite this relaxed pleading standard, a *pro se* plaintiff retains "the burden of alleging sufficient facts on which a recognizable legal claim could be based." *Hall*, 935 F.2d at 1110. In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). *Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and it would be futile to allow the plaintiff to amend. *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

### B. Plaintiff's Allegations

It appears that Plaintiff seeks to impose liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988).

In the case at bar, Plaintiff claims that he was forced to clean up blood and feces

from his cell without protective clothing.  In addition, he claims that he was subjected to a disciplinary process and segregation without witnesses.  Finally, he claims that he was assaulted by Defendant Montanio but he does not state any particulars about the assault. Nor does he identify what injuries he sustained as a result of these alleged incidents.

Turning to his claim that the jail conditions were cruel and unusual, the Court notes that Mr. Applegate is a pretrial detainee.  "Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted).  Under both the Eighth Amendment and the Fourteenth Amendment, sentenced prisoners and pretrial detainees are entitled to protection against acts reflecting deliberate indifference toward prison conditions imposing a substantial risk of serious harm.  First, the prisoner must demonstrate that he was subjected to a condition that posed a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Second, the prisoner must demonstrate that the officer who imposed the risk acted with a state of mind sufficiently culpable to amount to deliberate indifference.  *Id.*  In the context of prison-conditions claims, the required state of mind is one of deliberate indifference to inmate health and safety. *Id.*

In response to the Order to Show Cause (ECF No. 10), Plaintiff provides the following narrative.  On June 5, 2015, at Jefferson County Jail, Plaintiff was being held as a pre-trial detainee and was assigned to Housing Unit 3A.  Deputy Montanio was assigned to do cell searches and was verbally abusive using profanity against the detainees. During the cell search, an alleged prison infraction was discovered and Deputy Montanio handcuffed Plaintiff and roughly escorted him to the segregated housing unit to Cell 9.

When he arrived, he found that the toilet was clogged with feces, paper towels and a milk carton. Plaintiff also noticed spots of blood on the sink, toilet, table and walls. He also observed feces that appeared to have been finger painted on the table, wall, sink and toilet. When he told the guards about the condition of the cell, they informed him that they were aware of it and that they had called maintenance. Within a few mniutes, maintenance arrived and Plaintiff was taken to a table outside of the cell. After the maintenance staff unplugged the toilet, Plaintiff was returned to the cell. When Plaintiff complained about the conditions of the cell, he was provided with paper towels and cleaning fluid but was not provided with protective gloves. Plaintiff's claim is that he was forced to clean up the cell without protective clothing.

The Constitution does not mandate comfortable prisons, and conditions may be restrictive and even harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The length of time Plaintiff was subjected to the harsh conditions is a critical factor in analyzing whether his constitutional rights were violated. *See Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996). Conditions, such as a filthy cell, may "be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 687 (1978). Mr. Applegate merely alleges that he was required to clean up a filthy cell without protective gloves and proper training. These allegations fail to show that the alleged deprivation was sufficiently serious under the case law to rise to the level of an Eighth Amendment violation. *See, e.g., Lewis v. McKinley County Bd. of County Com'rs*, 425 F. App'x 723 (10th Cir. 2011) (filthy cell that had to be sprayed regularly for bacteria did not violate the Eighth Amendment). *See also Florio v. Canty*, Civil No. 1:12–08348, 2013 WL 3781549 (S.D.N.Y. July 22, 2013) (holding that prisoner's exposure to human waste for total of less than a few

hours did not give rise to a serious risk of substantial harm; dismissing complaint alleging similar flooding and cleanup duty and collecting cases); *Torres v. Cormier*, Civil No. 12–063, 2012 WL 5328741 (D. Vt. Oct. 29, 2012) (dismissing complaint involving similar flooding and cleanup duty, finding insufficiently serious risk in exposure to waste through cleanup duty and that official's "admittedly imperfect" efforts to help the plaintiff clean his cell were "hardly indicative of indifference"); *Wyl and v. Brownfield*, Civil No. 08–01601, 2011 WL 5445305 (W.D. Pa. Nov.9, 2011) ("[H]aving to clean a moldy shower with backed up sewage without gloves or a mask on [one] single occasion simply do[es] not give rise to a substantial risk of serious harm or challenge common standards of decency."). Accordingly, this claim will be dismissed.

With respect to his second claim concerning placement in the segregated housing unit, the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In the penological context, not every deprivation of liberty at the hands of prison officials has constitutional dimension. This is so because incarcerated persons retain only a "narrow range of protected liberty interests." *Abbott v. McCotter*, 13 F.3d 1439, 1442 (10th Cir. 1994) (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)) (internal quotation marks omitted). Moreover, the Supreme Court has recognized that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221 (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).

A protected liberty interest only arises from a transfer to harsher conditions of confinement when an inmate faces an " 'atypical and significant hardship ... in relation to the ordinary incidents of prison life.' "  *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Court of Appeals for the Tenth Circuit typically looks at four non-dispositive factors in determining whether certain conditions of confinement impose an "atypical and significant hardship."  These include whether:  1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; 2) the conditions of placement are extreme; 3) the placement increases the duration of confinement; and 4) the placement is indeterminate.  *Rezaq v. Nalley*, 677 F.3d 1001, 1011–12 (10th Cir. 2012).

Plaintiff's allegations do not allege that the conditions of segregation were extreme or that the placement lengthened his sentence or was indefinite in nature.  Therefore, he has failed to state a claim with respect to his placement in the segregated housing unit and this claim will be dismissed.

With respect to his third claim, the use of excessive physical force against a prisoner may constitute cruel and unusual punishment in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 4 (1992).  The core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm."  *Id.*, 503 U.S. at 6.  As the Court made clear in *Hudson,* "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* (internal quotation marks omitted).  Thus, even if a use of force is deemed unnecessary after the fact; if it was both *de minimis* and "not of a sort repugnant to the conscience of mankind," it will not sustain an excessive-force claim.  *Id.* at 10 (internal quotation marks omitted).

In the instant case, the force allegedly used against Mr. Applegate appears to be both *de minimis* and not of a nature that is repugnant to mankind. *See, e.g.*, *De Walt v. Carter*, 224 F.3d 607, 610–11 (7th Cir. 2000) (holding that shoving a prisoner into a doorframe, which resulted in bruising on his back, did not state a constitutional violation; *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that bumping, grabbing, elbowing, and pushing a prisoner was "not sufficiently serious or harmful to reach constitutional dimensions."); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (pushing cubicle-cell wall onto prisoner's leg, causing bruises, was insufficient use of force to state a constitutional violation).

While this Court does not condone unnecessary uses of force by prison guards, Mr. Applegate's allegations of *de minimis* force simply fall short of what is required to establish a constitutional violation. Therefore, this claim will be dismissed as well. Accordingly, it is

**ORDERED** that the Complaint and this action are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A and/or 42 U.S.C.A. § 1997e. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file

a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this   23rd   day of   September   , 2015

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court